**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

STEVEN L. INSKEEP,
:
    Petitioner,                                   Case No. 3:05-cv-205

:         District Judge Thomas M. Rose
   -vs-                                      Chief Magistrate Judge Michael R. Merz

D. TIMMERMAN-COOPER, Warden,
:
    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (Doc. No. 20) recommending that the Petition be dismissed with prejudice.  The General Order of Reference for the Dayton location of court permits a Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

**Ground One: Biased Judge**

       In his first ground for relief, Petitioner claims that he was tried by a biased judge.  In the original Report and Recommendations, the Magistrate Judge recommended this ground for relief be denied because it had been procedurally defaulted in three separate ways in the state courts.

       Petitioner objects that, because judicial bias is a structural error, procedural default in raising

it is excused, relying on *Beazley v. Johnson*, 242 F. 3d 248 (5th Cir. 2001).  On the contrary, the Fifth Circuit in *Beazley* specifically **rejected** the claim that structural error will excuse a procedural default.[1]

**Ground Two: Insufficient Evidence**

Ground Two is the sole ground on which the original Report reached the merits.

In the Objections, Petitioner criticizes the Report for relying on a state court opinion (Judge Young's opinion for the Second District Court of Appeals) which, Petitioner claims, "contains erroneous findings of fact."  (Objections, Doc. No. 21 at 3).  The core of Petitioner's complaint seems to be as follows:

> Judge Merz makes a big deal about this addendum wherein statements are attributed to Inskeep by witness Arnold, despite the fact the very authenticity of this document is disputed by petitioner and in fact, has offered, in a 3006A(e)(1) motion, methods by which the fraudulent nature of this document could be clearly demonstrated as an after the fact fabrication by agents of the Champaign County regime. Why no investigation concerning this important "evidence'?

*Id*.

Neither the original Report and Recommendations nor Judge Young's Opinion for the Court of Appeals makes any reference to the allegedly spurious "addendum."  Rather, Judge Young relies on Deputy Arnold's oral testimony at trial.  To the extent that there was a document which Petitioner refers to as the "addendum" which purports to have been written by Arnold and which is inconsistent with other statements that he made, obviously those inconsistencies were available for

---

[1] The structural defect at issue in *Beazley* was discrimination in the selection of grand jury forepersons, not judicial bias.

cross-examination and thereby presentation to the jury.  Petitioner was not convicted upon some allegedly spurious document, but upon, in part, Deputy Arnold's oral, cross-examined testimony about what Petitioner said when he surrendered to the police.

This Court accepted the findings of fact in Judge Young's opinion because of 28 U.S.C. §2254(e)(1) which provides "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Petitioner has not proven by any evidence, much less clear and convincing evidence, that the material portions of his statement to Deputy Arnold, the portions on which the Court of Appeals relied, are in any way incorrect.  Inconsistent characterizations of the knife as a "ginsu" knife, a "ginseng" knife, and a "Betty Crocker steak knife" are of little weight next to Petitioner's statement on which Judge Young relied:

> Perhaps most telling of all was Inskeep's blurted statement, "I thought you guys left – the helicopter – I thought it left.  All I was trying to do was cut down my plants.  I'm allowed to grow four or five plants in Ohio for my own use."  This statement illustrates both that Inskeep knowingly cultivated the marijuana and that he was tampering with evidence.

(Quoted at Report and Recommendations, Doc. No. 20 at 16.)  There is no evidence that that finding is in error.  No amount of investigation as to the genuineness of the "addendum," on which the Court of Appeals did not rely, would disturb that finding of fact.

**Grounds Three, Four, Five, Six, and Seven**

In the original Report and Recommendations, the Magistrate Judge found all of these grounds for relief procedurally defaulted, as against Petitioner's claim that he had preserved all of them by raising them in his Application for Reopening under Ohio App. R. 26(B). Petitioner asserted that this Application for Reopening was the "functional equivalent" of direct appeal.

The Magistrate Judge rejected this claim, relying on the recent Ohio Supreme Court decision in *Morgan v. Eads,* 104 Ohio St. 3d 142, 818 N.E. 2d 1157 (2004), that a 26(B) application is a collateral attack on the judgment of the court of appeals and not part of the direct appeal process itself.

In his Objections, Petitioner relies on the ruling in *White v. Schotten,* 201 F. 3d 743 (6th Cir. 2000), that 26(B) proceedings are part of the direct appeal process. In *Lopez v. Wilson*, 426 F. 3d 339, (6th Cir. 2005), the *en banc* court expressly overruled *White v. Schotten* and held that 26(B) proceedings are collateral and not part of direct appeal, relying in part on the Ohio Supreme Court's decision in *Morgan v. Eads*. *White v. Schotten* is no longer the law in this Circuit. These ground for relief are procedurally defaulted because they were not presented on direct appeal and cannot be revived by being pled in a 26(B) application.

**Conclusion**

It is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*.

November 7, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).