**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**STEVEN L. INSKEEP**

        Petitioner,                      Case No. 3:05-cv-205

    -vs-                                  District Judge Thomas M. Rose

**D. TIMMERMAN-COOPER,** Warden      Chief Magistrate Judge Michael R. Merz

        Respondent.

_____

**ENTRY AND ORDER OVERRULING STEVEN L. INSKEEP'S OBJECTIONS (Doc. #23) TO CHIEF MAGISTRATE JUDGE MICHAEL R. MERZ'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Doc. #22); ADOPTING CHIEF MAGISTRATE JUDGE MERZ'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS REGARDING GROUND ONE AND TWO IN THEIR ENTIRETY; FINDING THAT GROUNDS THREE, FOUR, FIVE, SIX AND SEVEN ARE PROCEDURALLY DEFAULTED AND TERMINATING THIS CASE**

_____

        This matter is before the Court pursuant to Petitioner Steven L. Inskeep's ("Inskeep's") Objections (doc. #23) to the Supplemental Report and Recommendations of Chief Magistrate Judge Michael R. Merz (doc. #22). The Supplemental Report and Recommendations addresses Inskeep's Petition for a Writ of Habeas Corpus.

        The Chief Magistrate Judge initially entered a Report and Recommendations regarding Inskeep's Petition. (Doc. #20.) After receiving objections from Inskeep, the Chief Magistrate Judge issued a Supplemental Report and Recommendations. It is this Supplemental Report and Recommendations and Inskeep's Objections thereto that are now before the Court.

        The Warden did not file objections to either the Report and Recommendations or the Supplemental Report and Recommendations. Inskeep's Objections to the Supplemental Report and Recommendations are, therefore, ripe for decision.

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case regarding Inskeep's Petition. Upon said review, the Court finds that Inskeep's objections to the Chief Magistrate Judge's Supplemental Report and Recommendation are not well-taken.

The Chief Magistrate Judge found that Ground One for Relief is procedurally defaulted. The Chief Magistrate Judge also found that Ground Two is denied on its merits. This Court adopts the Chief Magistrate Judge's Supplemental Report and Recommendations regarding Grounds One and Two in their entirety.

The Chief Magistrate Judge found that Grounds Three, Four, Five, Six and Seven of Inskeep's Petition were procedurally defaulted. With this the Court agrees but not for all of the reasons stated by the Chief Magistrate Judge.

Inskeep asserts that his Ohio Appellate Rule 26(B) ("Rule 26(B)")application was the "functional equivalent" of a direct appeal[1] Inskeep then argues that, since Grounds Three, Four, Five, Six and Seven were raised in his Rule 26(B) application, they were raised on direct appeal and are not procedurally defaulted.[2] In making this assertion, Inskeep relies on the ruling in *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), *cert. denied*, 531 U.S. 940 (2000), that Rule 26(B) applications are a part of the direct appeal process.

The Chief Magistrate Judge rejected this claim by relying upon the express overruling of *White* by an en banc court in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1880 (2006). However, the *Lopez* court did not apply its decision that a Rule 26(B)

---

[1]Ohio App. R. 26(B) provides for the filing of applications for the reopening of an appeal based upon ineffective assistance of appellate counsel.

[2]Inskeep makes no response to the assertion of procedural default on Grounds Eight and Nine.

application is for post conviction relief to the parties before it with regard to a procedural default. *Lopez* applied its Rule 26(B) decision to a determination of whether a party was entitled to constitutional right to appointed counsel. Therefore, because Lopez did not apply its Rule 26(B) decision to a party before it on the issue of procedural default, *Lopez* may be, but is not necessarily retroactive, regarding procedural defaults.

However, the Court need not engage in a detailed retroactivity analysis. Grounds Three, Four, Five, Six and Seven of Inskeep's Petition are defaulted for another reason. Grounds Three, Four, Five, Six and Seven are all issues regarding Inskeep's trial and do not pertain to ineffective assistance of appellate counsel.[3] However, Rule 26(B) is for bringing ineffective-assistance-of-appellate-counsel claims. "The Ohio Supreme Court has expressly held that a 26(B) application is not intended to give a criminal defendant a new appeal or a chance to add assignments of error not previously raised." (Report and Recommendations Doc. #20 p. 8 (citing *State v. Reddick*, 647 N.E.2d 784, 786 (1995)).

Therefore, none of the claims that Inskeep argues were made under Rule 26(B) were actually direct appeals and are, therefore, not entitled to any "protection" from default that may have been afforded to Inskeep if he was entitled to rely upon *White*. *White* applied to Rule 26(B) applications for ineffective assistance of appellate counsel and Inskeep's Rule 26(B) application was not for ineffective assistance of appellate counsel. To receive any arguable "protection" from reliance upon *White*, Inskeep's Rule 26(B) application must be for ineffective assistance of

---

[3]Ground Four is called an "Ineffective Assistance of Trial Counsel-Ineffective Assistance of Appellate Counsel" claim by Inskeep but the only instances of ineffective assistance of counsel cited in the supporting facts are alleged insufficiencies of Inskeep's trial attorney. Also, the ineffective assistance of trial counsel claim that Inskeep raises as Ground Four of his Petition is not the same claim that he raised on direct appeal.

3

appellate counsel and none of the claims which are now procedurally defaulted are for ineffective assistance of appellate counsel. Grounds Three, Four, Five, Six and Seven are procedurally defaulted because they were not presented on direct appeal and presenting them on a Rule 26(B) application is not the functional equivalent of presenting them on direct appeal.

## CONCLUSION

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case regarding Inskeep's Petition for a Writ of Habeas Corpus. Upon said review, the Court finds that Ground One for Relief is procedurally defaulted and Ground Two is denied on its merits. This Court adopts the Chief Magistrate Judge's Supplemental Report and Recommendations regarding Grounds One and Two in their entirety. Also, upon said review, the Court finds that Grounds Three, Four, Five, Six and Seven are procedurally defaulted. Therefore, Inskeep's Objections are OVERRULED.

Inskeep's Petition for a Writ of Habeas Corpus is dismissed with prejudice. Further, Inskeep is denied a certificate of appealability and is denied leave to appeal *in forma pauperis*. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Twentieth day of June, 2006.

/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Steven L. Inskeep