# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

STEVEN L. INSKEEP,

                     : 

       Petitioner,                 Case No. 3:05-cv-205

                     :       District Judge Thomas M. Rose

    -vs-                     Chief Magistrate Judge Michael R. Merz

D. TIMMERMAN-COOPER, Warden,

                     : 

        Respondent.

---

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's application for a certificate of appealability and the supplementation filed July 31, 2006 (Doc. Nos. 28 & 33).

A person in custody[1] upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding.  28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;

---

[1] Although Petitioner has now been released from prison, his Petition has not become moot as a result.  When  a person is in custody at the time the habeas corpus petition is filed, his later release does not moot the questions raised in the petition. *Carafas v. La Vallee*, 391 U.S. 234 (1968).

or

>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529

U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield*

-3-

*v. Bell,* 258 F.3d 484 (6th Cir. 2001).

In his Entry and Order denying habeas corpus relief, District Judge Rose also denied a certificate of appealability. Petitioner now requests an individualized determination of appealability on each claim, relying on *Porterfield, supra.*

## Ground One: Biased Judge

In his first ground for relief, Petitioner claimed that he was tried by a biased judge. The Magistrate Judge recommended this ground for relief be denied because it had been procedurally defaulted in three separate ways in the state courts. Petitioner objected that, because judicial bias is a structural error, procedural default in raising it is excused, relying on *Beazley v. Johnson,* 242 F. 3d 248 (5th Cir. 2001). In the Supplemental Report and Recommendations the Magistrate Judge noted that, the Fifth Circuit in *Beazley* specifically **rejected** the claim that structural error will excuse a procedural default.[2] In his supplemental request for certificate of appealability (captioned "Petitioner's Response to Judge Merz' 11 July 06 Order") cites no authority from any court holding or suggesting that the procedural default doctrine does not apply to a structural error such as judicial bias. Nor has Petitioner suggested any reason from within procedural default doctrine as to why he should not have to show cause and prejudice to excuse a procedural default when the error is structural.

The procedural defaults in issue on the first ground for relief were (1) failure to file an

_____

[2]The structural defect at issue in *Beazley* was discrimination in the selection of grand jury forepersons, not judicial bias.

affidavit of disqualification to remove the trial court judge as required by Ohio law, (2) failure to raise this as an issue on direct appeal, and (3) failure to take any direct appeal to the Ohio Supreme Court. While structural error, particularly having a biased trial judge, is very serious, each of the procedural rules which Petitioner did not follow in raising this claim represents a valid state interest. To put it another way, if a habeas petitioner could raise a structural error for the first time in habeas while having ignored state procedures for raising these claims, habeas corpus jurisdiction would be back to the deliberate bypass rule of *Fay v. Noia,* 372 U.S. 391(1963).  Neither this Court nor the Court of Appeals is free to ignore the intervening case law, beginning with *Wainright v. Sykes*, 433 U.S. 72 (1977).

A certificate of appealability should be denied on Ground One for Relief.

**Ground Two: Insufficient Evidence**

In his Ground 2/B for Relief, Petitioner asserts that his conviction is not supported by sufficient evidence.  While the Magistrate Judge remains persuaded that the evidence was sufficient, it is not so overwhelming that no reasonable jurist could disagree.

Petitioner should be granted a certificate of appealability on Ground Two.

**Grounds Three, Four, Five, Six, and Seven**

The Magistrate Judge recommended accepting Respondent's procedural default defense on all of these Grounds for Relief on the basis that they were available on direct appeal but not raised

there.  Petitioner objected that he had preserved them for habeas review because he had raised them

all in an application for re-opening under Ohio App. R. 26(B), which he claimed was the "functional

equivalent" of direct appeal, relying on the ruling in *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000),

*cert. denied*, 531 U.S. 940 (2000), that Rule 26(B) applications are a part of the direct appeal

process.  The Magistrate Judge rejected this reliance because the Sixth Circuit had overruled *White*

in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), cert. denied, 126 S.Ct. 1880 (2006).  District Judge

Rose rejected this reasoning as follows:

> However, the *Lopez* court did not apply its decision that a Rule 26(B)
> application is for post conviction relief to the parties before it with
> regard to a procedural default. *Lopez* applied its Rule 26(B) decision
> to a determination of whether a party was entitled to constitutional
> right to appointed counsel. Therefore, because *Lopez* did not apply its
> Rule 26(B) decision to a party before it on the issue of procedural
> default, *Lopez* may be, but is not necessarily retroactive, regarding
> procedural defaults.

(Entry and Order, Doc. No. 26, at 3.)  While not applying the analysis here, Judge Rose has held in

a contemporaneously filed[3] Entry and Order in *Lamar v. Ishee,* Case No. 1:04-cv-541 (June 21,

2006), that *Lopez v. Wilson* is not to be applied retroactively.  Obviously, that is a question on which

reasonable jurists have disagreed.

Judge Rose did not apply the *Lamar* retroactivity analysis in this case because he found that

Grounds Three, Four, Five, Six, and Seven were procedurally defaulted for a different reason:

> Grounds Three, Four, Five, Six and Seven are all issues regarding
> Inskeep's trial and do not pertain to ineffective assistance of appellate
> counsel. [footnote omitted] However, Rule 26(B) is for bringing
> ineffective-assistance-of-appellate-counsel claims. "The Ohio
> Supreme Court has expressly held that a 26(B) application is not

---

[3]The Entry and Order from which the appeal is taken in this case was filed June 20, 2006;
the cited Entry and Order in *Lamar* was filed June 21, 2006.

> intended to give a criminal defendant a new appeal or a chance to add assignments of error not previously raised." (Report and Recommendations Doc. #20 p. 8 (citing *State v. Reddick*, 647 N.E.2d 784, 786 (1995)).

(Entry and Order, Doc. No. 26, at 3.)

In his supplementation on the request for certificate of appealability, Petitioner does not attempt to show why or how reasonable jurists would disagree with Judge Rose's procedural default analysis. Instead, he reargues the merits of his claims. However, under *Slack v. McDaniel, supra*., a petitioner in his situation must first show that reasonable jurists could disagree on whether these grounds are procedurally defaulted before any analysis of the merits. Petitioner has not made, or even attempted to make, the required showing of reasonable disagreement on the procedural default analysis. All he does is repeat in conclusory fashion as to Ground Three "Petitioner raised this Ground in timely filed App. R. 26(A) & (B) to appeals court. . . ." (Response, Doc. No. 33, at 4.) Stated another way, Petitioner has not shown why raising any of these grounds in an Ohio App. R. 26(A) or 26(B) application is sufficient to preserve them for habeas review, in light of the Ohio Supreme Court's ruling in *Reddick, supra.*

**Grounds Eight and Nine**

Petitioner seeks a certificate of appealability on Grounds Eight and Nine. The Magistrate Judge also recommended that these be dismissed for procedural default. Judge Rose noted in the Entry and Order (Doc. No. 26 at 2, n. 2) that Petitioner had not objected to that recommendation. Thus in addition to the reasons previously given as to why no certificate of appealability should issue as to these Grounds for Relief, there is the additional reason that Petitioner had waived any

-7-

right to appeal by not objecting, a consequence of which he was warned. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

## Conclusion

It is accordingly respectfully recommended that Petitioner be granted a certificate of appealability on Ground Two and denied a certificate on his remaining claims.

August 1, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).